UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER EARL STRUNK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> U.S. DEPARTMENT OF HOMELAND ) <br> SECURITY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:08-CV-02234 (RJL) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
"JUDICIAL NOTICE AND REQUEST FOR PERMISSION TO FILE
A MEMORANDUM FOR DECLARATORY JUDGMENT AND ORDER"**

*Pro se* Plaintiff Christopher Strunk alleges to have sent the attached document, entitled "Judicial Notice and Request for Permission to File a Memorandum for Declaratory Judgment and Order," to the Court for filing. Defs.' Ex. A. To the extent the Court has received such a document and may grant leave to file it, Defendants hereby oppose each of Strunk's requests for relief.

Although Strunk's filing is not a model of clarity, it appears that Strunk believes a form letter he received from the White House, in which the White House responded to unspecified correspondence from Strunk by informing him that the Executive Office of the President does not generally involve itself in legal matters, somehow functions as a "demurrer" entitling Strunk to judgment regarding President Obama's eligibility to hold the office of President. Ex. A at 2, 23. There are numerous problems with Strunk's reasoning in this regard, but for present purposes Defendants will note a small handful of reasons why Strunk's request for "permission to file a memorandum of law to ready for an order and declaratory judgment" must be rejected.

First, notwithstanding Strunk's proclivity to wide-ranging commentary on a variety of topics in his numerous filings, this is a straightforward Freedom of Information Act ("FOIA") action, and neither the operative Amended Complaint [Dkt. #9] nor the FOIA provide for any basis upon which to transform these proceedings into the conspiratorial inquest to which Strunk appears to believe he is entitled. *See Youssef v. FBI*, 541 F. Supp. 2d 121, 162-63 (D.D.C. 2008) (denying motion for summary judgment "on a claim that [the plaintiff] failed to plead in his complaint"); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 74 n.25 (D.D.C. 2007) ("axiomatic" that plaintiff cannot raise new claims in response to a motion to dismiss).

Second, even if the Court were to indulge the false notion that Strunk is in any position to seek to commence *quo warranto* proceedings in this action (presumably against the president, who is not a party in this action), Strunk cannot overcome numerous procedural and substantive obstacles, codified in the D.C. *quo warranto* statute, standing in Strunk's way. As set forth more fully in Defendants' June 8, 2009, consolidated filing, Strunk is not a "person interested" in the disputed office. *See* Defs.' Consolidated Reply/Opp'n/Mot. [Dkt. #20] at 5-8; D.C. Code § 16-3503. And even if he were (and assuming merely for the sake of argument that the D.C. *quo warranto* statute may be used to challenge the authority of a sitting president to hold office), the Court retains discretion to deny a *quo warranto* petition request, and should do so here, where there is no credible evidence, presented either here or elsewhere, warranting even the slightest inquiry into the duly-elected president's authority to hold his constitutional office. Defs.' Consolidated Reply/Opp'n/Mot. at 5-8; D.C. Code § 16-3503.

Finally, it requires a particularly active imagination to indulge the notion that a form letter sent by the White House to a disgruntled individual citizen-litigant can somehow transform

2

itself into a legal document which functions as a "demurrer" in civil litigation in federal district court — much less in a FOIA action in which the "demurring" party is not a participant, and in which the facts to which the White House is imagined to have demurred are not at issue.

There is no basis for the relief requested by Plaintiff. His request for permission to file a memorandum of law (and/or for any other relief, such as a "reverse of the stay on discovery," Ex. A at 2) should be denied.[1]

Dated: November 19, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

　　/s/ Brigham J. Bowen
BRIGHAM J. BOWEN (D.C. Bar No. 981555)
Civil Division, U.S. Department of Justice
Federal Programs Branch
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C. 20044
(202) 514-6289
brigham.bowen@usdoj.gov
*Attorneys for Defendants*

---

[1] More recently, Strunk alleges to have sent a different "Judicial Notice" to the Court for filing. *See* Defs.' Ex. B. Its meaning is less discernible than its predecessor, but it appears Strunk wishes to include in this action a new proceeding, brought under the District of Columbia Code, for replevin to recover "personal property" he alleges has been "pillage[d]" by President Barack Obama, Secretary of the Treasury Timothy Geithner, and Secretary of Commerce Gary Locke. *See*, *e.g.*, *id.* at 5. Presuming counsel's interpretation of this document is correct, Strunk's effort to commence replevin proceedings should be rejected as beyond the scope of the operative complaint, for lack of jurisdiction, for lack of service, and, to the extent this "notice" could somehow be deemed a properly served and filed pleading (which it is not), failure to state a claim for which relief should be granted. *Youssef v. FBI*, 541 F. Supp. 2d at 162-63; *McManus*, 530 F. Supp. 2d at 74 n.25.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of November, 2009, a true and correct copy of the foregoing Opposition to Request for Permission to File for Judgment was served upon Plaintiff by first class United States mail, postage prepaid marked for delivery to:

**Christopher E. Strunk**
**593 Vanderbilt Ave., #281**
**Brooklyn, NY 11238**

                                                  /s/ Brigham J. Bowen
                                                  Brigham J. Bowen