UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER EARL STRUNK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF STATE, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 08-2234 (RJL) |

## MEMORANDUM OPINION

Plaintiff brings this action under the Freedom of Information Act ("FOIA), *see* 5 U.S.C. § 552, seeking information from the United States Departments of State "(State Department") and Homeland Security ("DHS") about then President Elect Barack Hussein Obama and his late mother, Stanley Ann Dunham. This matter is before the Court on defendants' partial motion to dismiss, and the Court will grant the motion for the reasons discussed below.[1]

---

[1] The Court summarily denies plaintiff's request for a writ of mandamus. Mandamus relief is available only if: "(1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). In this action, plaintiff demands the release of records maintained by federal government agencies, and an adequate remedy for a request of this nature exists pursuant to the FOIA. 5 U.S.C. § 552(a)(4)(B); *see Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008) ("The exclusive nature of the FOIA precludes mandamus relief."); *see also Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002).

## I. BACKGROUND

### A. *FOIA Requests to the State Department*

#### 1. Stanley Ann Dunham

Plaintiff submitted a FOIA request to the State Department on October 17, 2008, Amd. Compl. ¶ 12, seeking the following:

> [I]nformation or records related to Stanley Ann Dunham born November 29, 1942 at Fort Leavenworth KS. U.S., a.k.a. Stanley Ann Dunham Obama a.k.a. and who died on November 7, 1995 under the name Stanley Ann Dunham Soetoro (a.k.a. Sutoro) for any and or all exit and entry records for travel outside of the USA for the period between 1960 through 1963.

*Id.*, Ex. A. The State Department notified plaintiff that it did not maintain this type of information, and referred plaintiff to the Bureau of Customs and Border Protection, a component of the DHS. Defs.' Partial Mot. to Dismiss Pl.'s Amd. Compl. ("Defs.' Mot."), Ex. D at 1.

#### 2. Barack Hussein Obama

In his second FOIA request to the State Department, plaintiff sought information pertaining not only to Stanley Ann Dunham but also to Barack Hussein Obama. With respect to both subjects, plaintiff requested:

1. any and all U.S. Applications for a U.S. Passport;
2. entry and exit passport records pertaining to the United States and Kenya between January 1, 1960 and December 31, 1975, and between January 1, 1979 and December 31, 2005;
3. entry and exit passport records pertaining to the United States and Indonesia between January 1, 1960 and December 31, 1973, and between January 1, 1979 and December 31, 2005;
4. records for travel on a U.S., Kenyan, Indonesian or other foreign passport or visa;
5. a foreign birth certificate registered or filed with the U.S. Embassy in Kenya or Indonesia for Barack Obama;
6. a foreign birth registry filed by Stanley Ann Dunham with the

> U.S. Embassy in Kenya or Indonesia for Barack Obama; and
> 7. adoption records or other government records acknowledging Barack Obama as Lolo Soetoro's son.

See Compl., Ex. E at 1.

With respect to the request for the late Ms. Dunham's passport applications, the State Department notified plaintiff that it would process the request, to which it assigned case processing number 200807238. Defs.' Mot., Ex. E at 2. All other aspects of the request, assigned case control number 200807272, were denied because plaintiff did not comply with regulations for requests for information pertaining to living third parties. *Id.* at 3-4. Specifically, plaintiff did not submit Mr. Obama's authorization for release of his passport and similar records. *Id.* at 4.

### B. FOIA Request to the DHS

On December 26, 2008, plaintiff submitted a FOIA request to the DHS' Bureau of Customs and Border Protection ("CBP"). Compl. ¶ 22. He sought the same information from the DHS that he requested from the State Department. *See id.*, Ex. I at 1-2. Defendants' counsel represents that, on February 3, 2009, the CBP "informed [plaintiff] that it would not release records relating to [Mr.] Obama because DHS regulations . . . require privacy waivers before third-party records can be released," and that the CBP "released . . . responsive entry/exit records relating to [Mrs.] Dunham." Defs.' Mot. at 3.

Plaintiff believes that Barack Hussein Obama was born in Kenya, that his birth was registered in Hawaii, and that he, at most, is a naturalized United States citizen. *See* Amd. Compl. ¶ 36. For these reasons, plaintiff asserts that Mr. Obama "is not a U.S. 'natural born' citizen and [is] ineligible to serve as the United States President, pursuant to the United States

Constitution, Article II, Section 1, Clause 5." *Id.* ¶ 27. Plaintiff claims to have "suffered an informational injury as a voter and member of public[,] and the lack of information on [Mr. Obama's] citizenship, caused by the State Department[']s action, limited the information available to [plaintiff] as a voter and impaired his ability to influence and inform the public and policymakers." *Id.* ¶ 57. Plaintiff demands that the State Department and DHS release all the documents he requested, so that he may determine whether Mr. Obama is a natural born United States citizen, *see id.* ¶ 62, lest "an illegal candidate . . . serve as President of the United States." *Id.* ¶ 63.

## II. DISCUSSION

Defendants move to dismiss the amended complaint to the extent it seeks records pertaining to Barack Obama, *see* Defs.' Mot. at 6, on the ground that plaintiff's FOIA requests did not comply with agency regulations. *See id.* at 5-6.

"[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." U.S.C. § 552(a)(3)(A). "An agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations." *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (citing 5 U.S.C. § 552(a)(3) and 552(a)(6)(A)(i)); *see Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No.03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004) ("A proper FOIA request, once received, requires the government to search for responsive records and to release all that are not otherwise exempt."). A requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust"

administrative remedies. *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (citations omitted).

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA. *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). It is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration. *Wilbur*, 355 F.3d at 677. If a requester has not exhausted his administrative remedies prior to the filing of a civil action, his claim is subject to dismissal. *See Hidalgo*, 344 F.3d at 1258.

State Department regulations require that "requests for records pertaining to another individual . . . *be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury*, or by proof that the individual is deceased (e.g., death certificate or obituary)." 22 C.F.R. § 171.12(a) (emphasis added). Similarly, DHS regulations require that requests for records about another individual include "*either a written authorization signed by that individual permitting disclosure of those records* . . . or proof that that individual is deceased (for example, a copy of a death certificate or an obituary)[.]" 5 C.F.R. § 5.3(a) (emphasis added).

Plaintiff "admits that Barack Hussein Obama . . . has not provided permission to release

documents[.]" Pl.'s Aff. ¶ 20.[2] Rather, he steadfastly asserts his claims that Mr. Obama neither is a natural born citizen of the United States nor is eligible to hold the office of President of the United States. *See generally* Pl.'s Aff. Neither of these claims is relevant to this FOIA action, the sole purpose of which is to determine whether defendants properly responded to plaintiff's FOIA requests to the State Department and to the DHS.

It is clear on this record that plaintiff did not submit proper FOIA requests to the State Department and to DHS because the requests did not include written authorization from Mr. Obama for the release of information to plaintiff. Plaintiff has failed to exhaust his administrative remedies with respect to his requests for information about Mr. Obama, and these claims will be dismissed. *See Brown v. Fed. Bureau of Investigation*, __ F. Supp. 2d __, __, 2009 WL 5102713, at *4 (D.D.C. Dec. 28, 2009) (dismissing a FOIA claim against the FBI because plaintiff failed to mail his request directly to the appropriate field office as is required under agency regulations); *Thomas v. Fed. Comm'cns Comm'n*, 534 F.Supp.2d 144, 146 (D.D.C.2008) (granting summary judgment in the agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond").

---

[2] In opposition to defendants' motion for partial dismissal, plaintiff filed a "Notice of Cross Motion of Quo Warranto Demand for Jury Trial and Decision on Question of First Impression in Response in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint as to Alleged POTUS: Barack Hussein Obama In Esse" [Dkt. #19], to which he attached a supporting memorandum of law and affidavit ("Pl.'s Aff."). Plaintiff's demand for a jury trial before a three-judge panel on matters pertaining to President Obama's citizenship and eligibility to hold the office of the President of the United States is summarily denied, as are all of his requests for relief not authorized under the FOIA.

### III. CONCLUSION

The Court will grant defendant's partial motion to dismiss, and will direct the parties to submit a joint proposed schedule to govern future proceedings in this action. An Order is issued separately.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

DATE: 3/15/10