UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------x
)
Christopher-Earl: Strunk © in esse, )
593 Vanderbilt Ave. - 281 Brooklyn N.Y.11238 )
Telephone (845) 901-6767 )
                              Plaintiff, )
v.                                  ) Civil Action No.: 08-2234 (RJL)
)
U.S. DEPARTMENT OF STATE et al. )
)
                          Defendants. )
)
---------------------------------------------------x

## PLAINTIFF'S SURREPLY MEMORANDUM OF LAW

I am Christopher-Earl: Strunk in esse self represented without being an attorney with permission granted to file Plaintiff's Surreply Memorandum of Law supplemental to Plaintiff's Response MOL signed August 8, 2010; and based upon Plaintiff's motion for permission to file a Surreply with Plaintiff's supporting declaration signed September 22, 2010 with the affidavit of Philip Hans Jacobsen affirmed September 21, 2010 annexed in regard to the subject FOIA request unreasonable response by Defendant in the document search, handling procedure and standards of care contrary to Public Policy that Plaintiff alleges and evidence shows is done in bad faith.

That the Court may allow a Surreply only to allow Plaintiff's reply to new evidence submitted by Defendant beyond that already submitted. That

DOS has only some passport application records created between 1962 and 1978 when the full quote actually refers to the electronic index. Defendant's agents should be looking at the actual paper records index, where the information for passports issued from 1909 to 1978, inclusive of the time period of the documents requested under this FOIA action, will reasonably be found.

### B. Failed to document in the Reply what was described as a "cable," that was an unsigned document of unknown provenance and has never been authenticated as to the "Purge".

In reviewing Mr. Galovich's Declaration, raises strong questions and concerns about its contents. Mr. Galovich is the Acting Director of the IPS, which processes FOIAs, and has been employed by DOS since 1974. If the "destruction" is to be believed, surely he must have run into or been aware of numerous similar requests where documents were not located that necessitated DOS standardized "boiler plate" responses claiming like or similar destruction numbering in the hundreds, if not thousands, over the years. From the reading of the GAO 1981 review of DOS Passport Services, Mr. Jacobsen estimates that the number of requests for passport applications older than 5 years was approximately 5,000 per year (15% of 34,000) in 1979. Therefore, DOS, before implementing this "project," knew they would have hundreds if not thousands of requests each year for

based upon the Jacobsen Affidavit annexed to the Declaration in support of the Surreply that coincides with the same time frame of Plaintiffs FOIA requested of Stanley Ann Dunham with Barack Hussein Obama also named on those documents too Defendant's Counsel introduces three new issues as to the reasonableness of the search and characterization of putative evidence filed with the court July 29, 2010 and September 16, 2010, that conclusively establishes that Defendant:

> **A. Failed to search the paper Index of records as well as the electronic index of records, see Jacobsen AFF. Page 2 ¶ 7 [(1)].**

Plaintiff alleges Defendant(s), at the time this entry was made, knew, or should have known, that it was a misquote, and that it would result in a statement likely to mislead the court. Defendant(s) further had the hubris to add emphasis to the misquote. The quote correctly reads, in its entirety, the following:

> **"the State Department maintains an electronic index of all passport application records created since 1978, and some passport application records created between 1962 and 1978."**

The Defendant's wording deleted from the beginning of the quotation completely changes the meaning of the quote and makes it appear that

---

[1] 7. Defendant, referring to Plaintiff's own filing(s) and, more specifically citing this Affiant's previous Affidavit quotes @ ¶ 5: 'Jacobsen Aff. **[Dkt. #41-21 at 120** (observing that State maintains "some passport application records created between 1962 and 1978")(emphasis added)."

destroyed records. It is unconscionable that they did not put in place both a mechanism to prevent ordering the records and have in place a proper response when a request was received for such destroyed records. In Defendant's effort to show that they made a reasonable search for records, they located one 1980's document, which purports to describe an "unnamed" project, which had over 40 employees, was located away from main offices, likely cost hundreds of thousands of dollars and resulted in the separation of millions of files and destruction of potentially millions of passport applications.

DOS wants Plaintiff, this court and millions of Americans to believe that they instituted an "unnamed" project of this magnitude and importance and there is only one scrap of unsigned paper and no witnesses willing to memorialize and testify to this historic "purge"; and an even closer look at Mr. Galovich's Declaration (p12) makes it appear to Plaintiff that Defendant is sidestepping the "cable" and disowns any knowledge of it through his failure to authenticate it.

It appears that neither Mr. Galovich nor Mr. Rolbin are willing to verify the authenticity of this "cable" and appear to be tossing it back and forth like a "hot potato." When Defendant alleges that many documents were destroyed by the purported purge, yet they found two documents that

appear to me as the type that should have been destroyed during that purge. They were somehow miraculously able to produce them. **DOS's** own evidence proves that the records were not destroyed. Those two documents are: the 1967 amendment of passport application by Stanley Ann Dunham; and the 1968 renewal of passport by Stanley Ann Dunham Soetoro. It brings one to wonder how these two documents escaped destruction and were able to be found, but as claimed by Defendant, the more important 1965 Passport Application was somehow destroyed and somehow merely putative even when directly referenced by the 1967 application.

### C. Failure to provide and SF-115 (Disposition of Federal Records) or SF-135's (Records Transmittal and Receipt)

Plaintiff considers it inconceivable that the federal government and irreconcilable that such a large and significant project (*Purge*) is and has remained obscure, unnamed, undocumented and unknown until this instant **FOIA** request. **DOS** has had over a month since Plaintiff asked **DOS** for documentation of the alleged passport records destruction, (81912010). Surely, Defendant has had time to get someone, anyone, out of a pool of over 20,000 current employees and tens of thousands of retired employees to testify about the project. And, if this is not enough, not one **SF-115** (Disposition of Federal Records) or SF-135's (Records Transmittal and

Receipt) has been produced by the defense in this case; and shows bad faith herein,

In conclusion, Defendant's mischievous mis-use of the earlier Affidavit by Mr. Jacobsen as Plaintiff's expert who is in good faith to aid this Court to make a decision herein as to whether or not use of *reasonable* as alleged applies to the DOS search per se, and or is spoliation of documents in a fraud upon the court or merely incompetent which in either case must be ordered to comply with Plaintiffs FOIA and moreover as requested allow Plaintiff to submit a Second Amended Complaint that is germane to this matter as this instant action before the Court and as Plaintiff is disserving with a FOIA to a more definite statement on the part of Defendant, as there is insufficient evidence and facts available for an order of dismissal, and Plaintiff wishes such other and different relief requested and deemed necessary for justice herein for the public has the right to know.

Dated: September 22, 2010
Albemarle County Virginia

Christopher-Earl: Strunk in esse
593 Vanderbilt Avenue #281
Brooklyn New York 11238
(845) 901-6767
Email: chris@strunk.ws